**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4491**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRETT EHRHARDT,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Senior District Judge.  (1:14-cr-00089-IMK-MJA-8)

Submitted:  April 22, 2021                                        Decided:  April 26, 2021

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Katy J. Cimino, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Andrew R. Cogar, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brett Ehrhardt appeals the district court's judgment revoking his supervised release for a second time and imposing a sentence of 18 months' imprisonment. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning the reasonableness of Ehrhardt's sentence. In his pro se supplemental brief, Ehrhardt argues his sentence is unreasonably harsh and challenges the court's finding that he was guilty of one of the stated violations, namely, shoplifting. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.*

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Id.* (footnotes and citation omitted). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (alteration and internal quotation marks omitted).

2

We conclude that the district court did not err in imposing an 18-month sentence. The district court properly calculated Ehrhardt's policy statement range as three to nine months, based on his Grade C violations and his criminal history of I, U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s. (2018) (revocation table). The court heard the parties' arguments and Ehrhardt's allocution, responded to defense counsel's arguments, explained the selected sentence in terms of the revocation-relevant statutory factors, and imposed a sentence within the statutory maximum pursuant to 18 U.S.C. § 3583(e)(3). Furthermore, the district court thoroughly explained its rationale for imposing the above-policy statement-range sentence, noting Ehrhardt's history of noncompliance and recidivism.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We have considered the arguments presented in Ehrhardt's pro se supplemental brief and conclude they are without merit.[*] We therefore affirm the judgment of the district court. This court requires that counsel inform Ehrhardt, in writing, of the right to petition the Supreme Court of the United States for further review. If Ehrhardt requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ehrhardt. We dispense with oral argument because the facts and legal contentions are adequately

---

[*] At the hearing, Ehrhardt admitted that the Government could satisfy its burden of proving that he was charged with shoplifting.

presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*